IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-2735-KHV |
| | ) | |
| THE UNIVERSITY OF KANSAS | ) | |
| HOSPITAL AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On December 10, 2025, plaintiff filed suit against the University of Kansas Hospital Authority, individuals on its medical and security staff, the University of Kansas Police Department and others. Plaintiff asserts that defendants violated her rights under the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., the Rehabilitation Act, 29 U.S.C. § 701, et seq., and the Emergency Medical Treatment And Active Labor Act, 42 U.S.C. § 1395dd, violated and conspired to violate her civil rights under 42 U.S.C. § 1983, and falsified medical records in violation of federal and state law. This matter is before the Court on plaintiff's Motion To Proceed Without Payment Of Fees (In Forma Pauperis) (Doc. #3), Plaintiff's Motion For Leave To Proceed Under Pseudonym (And For Protective Order) (Doc. #4), plaintiff's Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel (Doc. #5), Plaintiff's Motion For Leave To File Complaint Under Seal (Doc. #6), plaintiff's Motion To Seal Plaintiff's Application For [In] Forma Pauperis (Doc. #7), plaintiff's Combined Motion To Seal Exhibits A–E And To Approve Proposed Redacted Public Versions (Doc. #8), plaintiff's Motion To Seal Plaintiff's Motion For Appointment Of Counsel (Doc. #9) and plaintiff's Motion For Leave To File Video Exhibits Conventionally (Doc. #10), all filed December 10, 2025.

I.      Motion For Leave To Proceed Under A Pseudonym

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).

Parties do not have a legal right to proceed anonymously. Luo v. Wang, 71 F.4th 1289, 1296 (10th Cir. 2023); see Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) (ordinarily, those using courts must be prepared to accept public scrutiny inherent in public trials); see also Richmond Newspaper, Inc. v. Virginia, 448 U.S. 555, 580 n. 17 (historically, both civil and criminal trials presumptively open). Indeed, Rule 10(a) of the Federal Rules of Civil Procedure requires that all pleadings contain the names of the parties. Fed. R. Civ. P. 10(a). Rule 17(a) also requires that every action be prosecuted in the name of the "real party in interest." Fed. R. Civ. P. 17(a).

In exceptional circumstances, courts may permit a plaintiff to proceed under a pseudonym. M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)); see Luo, 71 F.4th at 1296. Such exceptional circumstances include those "involving matters of a highly sensitive and personal nature, real danger of physical harm" or where disclosure of the litigant's identity would incur the injury litigated against. Zavaras, 139 F.3d at 803 (quoting Doe, 951 F.2d at 324). Mere embarrassment is insufficient. Id.; see Qualls v. Rumsfeld, 228 F.R.D. 8, 12 (D.D.C. 2005) (fears of embarrassment or vague, unsubstantiated fears of retaliatory actions do not permit plaintiff to proceed under pseudonym).

In deciding whether to allow litigants to proceed under a pseudonym, the Court exercises

"informed discretion" after considering all relevant factors. Zavaras, 139 F.3d at 803 (quoting James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993)). Plaintiff is permitted to proceed under a pseudonym only if the need for anonymity outweighs the public interest in access to open court proceedings. See id.

Here, plaintiff seeks to proceed under a pseudonym to protect highly sensitive medical and mental health information. Plaintiff argues that disclosure of her identity would result in significant personal embarrassment, invasion of her right to privacy, psychological harm and reputational harm. Plaintiff also claims that disclosure of her mental health history or an unfounded criminal charge would risk "renewed discrimination, stigma or retaliation." Id. The fact that this case involves medical and mental health issues by itself does not compel plaintiff's use of a fictitious name. Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997); see also Koe v. Univ. Hosps. Health Sys., Inc., No. 22-3952, 2024 WL 1048184, at *3 (6th Cir. Mar. 8, 2024) (denying motion to proceed under pseudonym to avoid stigma associated with mental illness in case where plaintiff claimed discrimination based on mental disability).

Plaintiff notes that this case involves her medical conditions and mental health, but she fails to explain why limited redaction and sealing would not protect her from potential injury. Plaintiff's fear that someone will misuse her medical information to her detriment is speculative. Plaintiff has not set forth exceptional circumstances such as matters of a highly sensitive and personal nature, real danger of physical harm or that disclosure of her identity would incur the injury litigated against. Zavaras, 139 F.3d at 803. Moreover, the disclosures which plaintiff seeks to prevent are set forth in her present complaint, which includes detailed medical information, medical records and videos which go well beyond the requirements of notice pleading. Under notice pleading requirements, plaintiff must provide "a short and plain statement of the claim"

showing that she is entitled to relief, Fed. R. Civ. P. 8(a)(2), to give defendants fair notice of her claims and the grounds upon which they rest.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  The notice pleading standard in Rule 8(a) relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of non-meritorious claims.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  If defendants cannot ascertain certain details which are necessary to admit or deny the complaint's allegations, they can seek a more definite statement.  See Fed. R. Civ. P. 12(e) (party may move for more definite statement of pleading to which responsive pleading is allowed but which is so vague or ambiguous that party cannot reasonably prepare response).  Plaintiff's current complaint and attached exhibits include unnecessary detail of specific medical conditions and supporting medical records which she is not required to disclose.  Plaintiff has not established a need to proceed under a pseudonym which outweighs the general presumption of openness and cannot be addressed by more targeted pleading.[1]  The Court therefore overrules plaintiff's motion to proceed under a pseudonym.  On or before February 17, 2026, plaintiff may file an amended complaint with a caption that bears her full and correct name.

II.     **Motions To Proceed Without Prepayment Of Fees And For Appointment Of Counsel**

Plaintiff seeks leave to proceed without prepayment of fees and for appointment of counsel. Because these motions do not include a caption with plaintiff's full and correct name and plaintiff has not filed an amended complaint that does so, the Court overrules both motions.  If plaintiff files an amended complaint by February 17, 2026, she can refile her motions with the appropriate

---

[1]     At this stage, plaintiff has not shown that a protective order is necessary.  The Court therefore overrules plaintiff's request for a protective order.  Plaintiff can renew her request if she chooses to file an amended complaint and after defendants have entered an appearance.

caption that has her correct name.

### III.     Motions To Seal And To File Exhibits Conventionally

In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Plaintiff seeks to seal certain information in the complaint and attached exhibits that contain protected health information, unredacted police identifiers and sensitive video content.  See Plaintiff's Motion For Leave To File Complaint Under Seal (Doc. #6); Combined Motion To Seal Exhibits A–E And To Approve Proposed Redacted Public Versions (Doc. #8).  Plaintiff also seeks leave to file video exhibits conventionally.  See Motion For Leave To File Video Exhibits Conventionally (Doc. #10).  As noted above, the Court has granted plaintiff leave to file an amended complaint with her correct name and in compliance with federal notice pleading standards.  The Court therefore overrules as moot plaintiff's motions to seal information in the current complaint and exhibits and for leave to file video exhibits conventionally.

Plaintiff seeks to seal her Motion To Proceed Without Payment Of Fees (In Forma

Pauperis) (Doc. #3) and her Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel (Doc. #5) because the documents disclose her identity and information about her finances.  See Motion To Seal Plaintiff's Application For [In] Forma Pauperis (Doc. #7); Motion To Seal Plaintiff's Motion For Appointment Of Counsel (Doc. #9).  As noted above, the Court has overruled plaintiff's request to proceed under a pseudonym, so her identity is not protected information.  Plaintiff's Affidavit Of Financial Status (Doc. #3-1) contains limited information on plaintiff's finances, but it does not contain financial account numbers or other information which are generally protected under Rule 5.2(a) of the Federal Rules of Civil Procedure.[2]  Plaintiff has not shown that her privacy interests in financial information outweigh the public interest in access to the materials that form part of the basis of the Court's ruling on her motions to proceed in forma pauperis and for appointment of counsel.  See Bacon, 950 F.3d at 1293; Colony Ins., 698 F.3d at 1241.  Even so, because plaintiff's Motion To Proceed Without Prepayment Of Fees (Doc. #3), Affidavit Of Financial Status (Doc. #3-1) and Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel (Doc. #5) disclose her identity, the Clerk shall keep these documents under seal unless and until plaintiff files an amended complaint which includes her full and correct name.  The Court therefore sustains

---

[2]  The Court recognizes that for many years, magistrate judges in this district have allowed plaintiffs to file motions for leave to proceed in forma pauperis and affidavits in support of such motions under seal.  Even so, the Federal Rules of Civil Procedure authorize redaction of limited information.  See Fed. R. Civ. P. 5.2(a) (allowing redaction of Social Security numbers, minors' names, dates of birth and financial account numbers).  Unless a party specifically explains how disclosure of the information in the motion and/or affidavit would cause harm and how any such harm outweighs the public interest in access to the judicial record, the motion and affidavit should not be sealed in their entirety.  See Colony Ins., 698 F.3d at 1241 (party must articulate real and substantial interest that justifies depriving public of access to records that inform court's decision-making process); see also Bacon, 950 F.3d at 1294 (court must rely on specific, rather than general, information).

plaintiff's motions to seal her motions to proceed in forma pauperis and for appointment of counsel, pending the filing of an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To Proceed Under Pseudonym (And For Protective Order) (Doc. #4) filed December 10, 2025 is **OVERRULED. On or before February 17, 2026, plaintiff may file an amended complaint with a caption that bears her full and correct name.  If plaintiff does not file an amended complaint by February 17, 2026, the Court will dismiss this matter without prejudice for plaintiff's failure to comply with Rule 10(a), Fed. R. Civ. P.**

**IT IS FURTHER ORDERED** that plaintiff's Motion To Proceed Without Payment Of Fees (In Forma Pauperis) (Doc. #3), plaintiff's Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel (Doc. #5), Plaintiff's Motion For Leave To File Complaint Under Seal (Doc. #6), plaintiff's Combined Motion To Seal Exhibits A–E And To Approve Proposed Redacted Public Versions (Doc. #8), plaintiff's Motion For Leave To File Video Exhibits Conventionally (Doc. #10), all filed December 10, 2025 are **OVERRULED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion To Seal Plaintiff's Application For [In] Forma Pauperis (Doc. #7) and plaintiff's Motion To Seal Plaintiff's Motion For Appointment Of Counsel (Doc. #9), both filed December 10, 2025 are **SUSTAINED in part. Plaintiff's Motion To Proceed Without Prepayment Of Fees (Doc. #3), Affidavit Of Financial Status (Doc. #3-1) and Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel (Doc. #5), all filed December 10, 2025 shall remain provisionally sealed at this stage.  If plaintiff does not file an amended complaint by February 17, 2026, the Court will direct the Clerk to remove the provisionally sealed designation and seal the following documents because they disclose plaintiff's identity: Motion To Proceed Without**

**Prepayment Of Fees** (Doc. #3), **Affidavit Of Financial Status** (Doc. #3-1) and **Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel** (Doc. #5), all filed December 10, 2025.  If plaintiff files an amended complaint by February 17, 2026 which discloses her identity, the Clerk shall unseal the following documents: **Motion To Proceed Without Prepayment Of Fees** (Doc. #3), **Affidavit Of Financial Status** (Doc. #3-1) and **Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel** (Doc. #5), all filed December 10, 2025.

Dated this 29th day of January, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge