**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KAREN OVERSTREET,

      Plaintiff,

      v.                                                                    Case No. 25-2735-KHV-BGS

THE UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY, et al.,

      Defendants.

---

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
<u>DENYING REQEUST FOR COUNSEL</u>**

In conjunction with her amended complaint, Plaintiff Karen Overstreet filed a Motion for

Leave to Proceed Without Prepayment of Fees along with a supporting financial affidavit and a

Motion for Appointment of Counsel.  *See* Docs. 14, 15, 15-1.  For the reasons set forth herein,

Plaintiff's *in forma pauperis* ("IFP") application, Doc. 15, is **GRANTED** while her request for

counsel, Doc. 14, is **DENIED**.

**I.      Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action

"without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the

person is unable to pay such fees or give security therefor."  To succeed on an IFP motion, "the

movant must show a financial inability to pay the required filing fees."  *Lister v. Dep't of Treasury*, 408

F.3d 1309, 1312 (10th Cir. 2005).  Proceeding IFP "in a civil case is a privilege, not a right –

fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to

grant or deny IFP status under § 1915 lies within the district court's sound discretion.  *Engberg v.

Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff, the Court finds that she has shown an inability to pay the filing fee. Thus, the Court **grants** Plaintiff's motion to proceed without prepayment of fees. Because of the Court's contemporaneously filed Report & Recommendation of dismissal to the District Court, the undersigned Magistrate Judge directs that the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

## II.    Request for Counsel.

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

When deciding whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3) the party's capacity to prepare and present the case without the aid of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers whether the party can afford counsel and whether the party has made a diligent effort to retain an attorney. *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). *See also Blain v. Wyandotte Cnty. Det. Ctr.,* No. 20-CV-4043-JWB-TJJ, 2020 WL 7265187, at *1 (D. Kan.

Oct. 16, 2020) ("This Court rarely grants motions for appointment of counsel in civil cases brought by pro se litigants.").

The above factors weigh against appointing counsel. First, regarding the merits of Plaintiff's case, "[t]he burden is on the applicant to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In a separate order, the undersigned recommended dismissal of Plaintiff's case because her complaint does not state a claim upon which relief may be granted. The Court incorporates that analysis by reference. Thus, the Court does not find that Plaintiff has met her burden to show that there is sufficient merit to warrant the appointment of counsel.

Second, the Court must consider the nature and complexity of the factual and legal issues. Plaintiff's case arises from Defendants' alleged mishandling of Plaintiff during a postoperative emergency on May 7, 2023. The complaint alleges claims under the Americans with Disabilities Act, the Rehabilitation act, the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1983, as well as claims arising under state law. The amended complaint is 18 pages with 126 paragraphs. The Court acknowledges that the factual and legal issues raised are more complex than the typical pro se case. *See, e.g., Sullivan v. WorkMarket*, No. 22-cv-2017-KHV-RES, 2022 WL 22893390, at *2 (D. Kan. Aug. 8, 2022) (stating that the factual and legal issues are not complex). At the same time, there exist more complex cases with more voluminous facts. As such, the Court will not weigh this factor for or against Plaintiff.

Third, the next factor the Court will consider is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the Plaintiff's ability to gather and present crucial facts as well as the complexity of the case. *Id.* at 1422. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL

3271921, at *2 (D. Kan. Aug. 7, 2008). In her motion, she states that she is on disability for physical and mental conditions. She further states that "[m]y mental illness will prevent me from representing myself adequately and on a consistent basis." Doc. 5, at 3-4. Plaintiff does not elaborate on the nature of her physical and mental conditions and provides no detail on how those impairments may affect her ability to present her case.

Even with these existing conditions, Plaintiff did a capable job of drafting and filing the multiple pleadings in this case. The Court finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her case. Therefore, the Court finds that this factor weighs against the appointment of counsel.

Finally, Plaintiff must show diligence in searching for counsel. She must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiff has shown a diligent effort to search for an attorney. She lists six different law firms and/or individual attorneys she has contacted as well as the response she received from each one. The Court is satisfied that she has exercised due diligence and will not deny the motion on this basis.

However, after considering all the relevant factors, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves pro se in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not distinguish her from other pro se litigants or warrant appointment of counsel. *Abu-Fakher v. Bode*, 175 F. App'x 179, 185 (10th Cir. 2006). Therefore, the Court finds that all the factors weigh against the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's *IFP* Application, Doc. 15, is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 14, is **DENIED**.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed Report & Recommendation of Dismissal, the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

Dated February 25, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge