# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAREN OVERSTREET,

      Plaintiff,

      v.                                  Case No. 25-2735-KHV-BGS

THE UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY, et al.,

      Defendants.

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Karen Overstreet filed this action pro se[1]. In conjunction with her amended complaint (Doc. 13), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 15. After review of Plaintiff's amended complaint, however, the Court **recommends** to the District Court that Plaintiff's claims against the Defendants be **dismissed** for failure to state a claim upon which relief may be granted.

## I.    Standard of Review for IFP Complaints

When a Plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding in forma pauperis, a court has a duty to

---

[1]Plaintiff proceeds pro se. The Court construes her filings liberally and holds her to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002) (citation omitted).

A pro se plaintiff's complaint must "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.*

(citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the pro se plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A pro se plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id.* *See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II.    Plaintiff's Claims and Factual Allegations

The following facts come from Plaintiff's amended complaint. *See generally* Doc. 13. For § 1915 screening purposes, the Court accepts the Plaintiff's allegations as true and construes all reasonable inferences drawn from those allegations in the light most favorable to the Plaintiff. *See Kay*, 500 F.3d at 1217-18.

Plaintiff Karen Overstreet resides in Texas and has received treatment within the University of Kansas Health System since 2012, including care from multiple departments between 2019 and May 2023. *Id.* ¶¶ 1, 16–17. The amended complaint, filed on February 18, 2026, names as Defendants the University of Kansas Hospital Authority, the University of Kansas Health System, the University of Kansas Medical Center ("KUMC"), and the University of Kansas Police Department, along with several individual officers and medical personnel. *Id.* ¶¶ 2–8. The individual Defendants are described as acting within the scope of their employment, and the officers are alleged to have acted under color of state law. *Id.* ¶¶ 7, 10.

Plaintiff underwent diagnostic testing which revealed multiple serious medical conditions,

3

including intussusception and pelvic organ prolapse. *Id.* ¶ 18. On April 26, 2023, major colorectal and urogynecological surgery was performed at KUMC. *Id.* The pleading describes a restricted postoperative condition in the days that followed.

On May 7, 2023—approximately eleven days after surgery—postoperative complications prompted ambulance transport to the KUMC Emergency Department. *Id.* ¶ 19. The amended complaint alleges that paramedics placed a sleep shirt on Plaintiff before transport and that she remained partially unclothed upon arrival. *Id.* ¶ 20. According to the amended complaint, emergency department personnel made dismissive remarks upon her arrival and she was dropped onto the emergency department floor in view of others. *Id.* ¶¶ 22, 24. Instructions were allegedly given for her to stand and sit in a wheelchair despite the recent surgery and her stated mobility limitations. *Id.* ¶¶ 25–26. Plaintiff informed staff she had not sat upright since surgery and required assisted ambulation. *Id.* ¶ 26. Officers and medical staff later assisted her in standing and transferring to a recliner, after which she was moved to a hallway area near the restroom facilities. *Id.* ¶¶ 27–28. Pants were provided and put on in view of others. *Id.* ¶ 29.

At some point during the encounter, the amended complaint alleges that an unidentified staff member struck her abdomen near the surgical site, which caused Plaintiff to lose consciousness. *Id.* ¶ 30. Upon regaining consciousness, Plaintiff experienced disorientation and severe pain. *Id.* ¶¶ 31–32. Requests for restroom assistance were allegedly denied, and ambulation without support was required. *Id.* ¶ 39. The narrative further states that painful digital "disimpactions" were performed without medical assistance. *Id.* ¶ 43.

During her stay, emergency department personnel reported to university police that she had exposed herself in the waiting area. *Id.* ¶ 40. After investigation, officers initiated criminal charges for trespass and indecent exposure. *Id.* ¶¶ 41–42, 45. The pleading asserts that no video evidence supported those charges and that a citation was issued before discharge from the hospital. *Id.* ¶¶ 42,

4

45. The following morning, after missing a scheduled appointment, transport occurred to another hospital. *Id.* ¶¶ 46–47. Medical personnel there allegedly documented visible injuries and contacted KUMC regarding the prior visit. *Id.* ¶¶ 48–49.

Subsequent communications occurred with hospital and police personnel concerning the charges and the content of medical records in which she disputes certain chart entries, including statements that she walked without pants in the waiting area. *Id.* ¶¶ 57, 62. Plaintiff takes particular issue with officers relying on uncorroborated statements by medical personnel and ignoring exculpatory video evidence. She contends that the officers initiated charges without probable cause and with no evidence of a crime being committed. She alleges that she suffered physical injury, humiliation, psychological trauma, and ongoing medical complications from these events. *Id.* ¶¶ 77–78, 118–125. The legal claims asserted are:

- Violation of Title II of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132)

- Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

- Violation of the Emergency Medical Treatment and Labor Act (EMTALA) (42 U.S.C. § 1395dd)

- Civil Rights Violations under 42 U.S.C. § 1983, including:
  - Fourth Amendment unreasonable seizure
  - Fourteenth Amendment deliberate indifference to serious medical needs
  - Alleged fabrication of evidence and malicious prosecution theories

- Civil Conspiracy and Obstruction (Count V), premised on alleged coordinated concealment of evidence

- Claims predicated on criminal statutes, including K.S.A. 21-5824 and 18 U.S.C. § 1519

Plaintiff also requests compensatory and punitive damages against the institutional and individual defendants

## III.    Analysis

The Court begins with the threshold question of whether the amended complaint states

5

claims in a manner consistent with Federal Rule of Civil Procedure 8. Although pro se pleadings are construed liberally, they must comply with Rule 8 and provide each defendant fair notice of the specific conduct alleged against them. In addition, certain claims in the amended complaint rely on criminal statutes that do not create a private cause of action, and one named defendant is not an entity capable of being sued. For these reasons, and as explained below, the Court recommends dismissal of the amended complaint.

### a. Plaintiff has not satisfied Rule 8's pleading standard.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe*, 38 F.App'x at 515. Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). Plaintiff's amended complaint does not clearly delineate which Defendants are responsible for which alleged acts. The pleading instead relies heavily on collective references to "Defendants," "ED staff," or "Officers," without distinguishing among the various institutional and individual parties. This lack of clarity prevents the named Defendants from receiving fair notice of the specific claims asserted against them.

### 1. Institutional Defendants

Plaintiff names multiple institutional entities—the University of Kansas Hospital Authority, the University of Kansas Health System, the University of Kansas Medical Center, and the University of Kansas Police Department—but does not meaningfully distinguish among them in the factual allegations. The amended complaint frequently attributes conduct to the entities collectively or interchangeably, without explaining which entity employed the relevant individuals, which entity

operated the emergency department, or which entity is allegedly responsible for promulgating or enforcing the policies at issue. *See, e.g.*, Doc. 13, ¶¶ 8, 10, 89-95, 101-02 (collective reference to institutional defendants).

Courts within this District have dismissed complaints that refer generically to "defendants" without tying specific conduct to a particular entity. *See, e.g.*, *Marshall v. Burnley*, No. 17-1090-JTM, 2017 WL 6406864, at *4 (D. Kan. Dec. 15, 2017) (dismissing claims where the complaint referred generally to "defendants" and failed to allege facts showing how each entity engaged in actionable conduct); *Wenger v. Johnson*, No. 24-1100-HLT-BGS, 2024 WL 4625541, at *7 (D. Kan. Oct. 30, 2024) (dismissing claims because "there are no specific allegations referring to the remaining defendants."). This distinction is particularly important where liability is asserted against multiple public entities, including under statutes such as the ADA and Rehabilitation Act, because the pleading must identify which entity is alleged to have denied services or accommodations. As in *Marshall*, the allegations here do not clearly explain how each institutional Defendant independently violated Plaintiff's rights. Without such delineation, the institutional Defendants are left to speculate as to the basis of liability asserted against them, which is insufficient under Rule 8. Although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## 2.  Individual Defendants

The pleading deficiencies are even more pronounced as to the individual Defendants. In actions brought under 42 U.S.C. § 1983, personal liability must be based on each defendant's own actions. Supervisory liability, if asserted, must likewise be supported by allegations showing that a particular defendant promulgated or implemented a policy that caused the alleged constitutional harm.

The Tenth Circuit has emphasized that it is "particularly important" in § 1983 cases

involving multiple government actors "that the complaint make clear exactly who is alleged to have done what to whom, as distinguished from collective allegations." *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011). Referring to actions of "Defendants" is insufficient to establish personal participation. *Id.* The need for individualized allegations is especially significant where, as here, the named Defendants hold different roles and responsibilities. *Id.*

Although specific individuals are identified in the caption, the amended complaint repeatedly attributes conduct to "Defendants," "Officers," or "staff" without consistently specifying which named individual engaged in which particular act. The pleading does not clearly connect each individual Defendant to a discrete constitutional deprivation. Because the amended complaint fails to isolate the allegedly unlawful conduct of each individual Defendant, it does not provide the notice required under Rule 8 and controlling Tenth Circuit precedent. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The undersigned **recommends** that Plaintiff's claims be **dismissed** for failure to comply with Rule 8.[2]

### b. Criminal statutes do not provide a private cause of action.

The Court notes that Plaintiff relies in part on certain criminal statutes, including K.S.A. 21-5824 and 18 U.S.C. § 1519, as grounds for civil relief. *See* Doc. 13, ¶¶ 109-112. These statutes are criminal in nature and do not create private rights of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076-77 (10th Cir. 2007) (affirming dismissal of plaintiff's lawsuit alleging violations of various criminal statutes). Section 1519 of Title 18 is a federal obstruction statute that authorizes criminal prosecution by the government; it does not create a private right of enforcement. *See Carpenter v. Young*, No. 04-927, 2004 WL 1858353, at *3-4 (E.D. Pa. Aug. 3, 2004) (dismissing claim for alleged

---

[2] The Court also recognizes that certain claims may be subject to statute-of-limitations defenses and that certain Defendants may be entitled to immunity. However, given Plaintiff's allegations of tolling and the liberal construction afforded to pro se pleadings, the Court does not recommend dismissal on those grounds at this stage.

violations of 18 U.S.C. § 1519). Likewise, K.S.A. 21-5824 is part of the Kansas Criminal Code and does not confer a private civil remedy. *See Cahail v. United States*, No. 25-1016-JWB-BGS, 2025 WL 1530580, at *2 (D. Kan. May 29, 2025) (recognizing K.S.A. 21-5824 does not authorize a private cause of action). To the extent Plaintiff is attempting to enforce these criminal statutes, the undersigned **recommends** those claims be **dismissed** because they do not provide a civil cause of action. *Id.*

### c. The University of Kansas Police Department lacks capacity to be sued.

Governmental subunits do not have the capacity to be sued unless the legislature has expressly provided otherwise. *See Arnold v. City of Wichita Police Dep't*, 2020 WL 136851, at *2 (D. Kan. 2020); *see also Vasquez v. Bascue*, 2023 WL 8018852, at *1 (D. Kan. 2023). A governmental subunit can only be sued if authorized by a statute. *See Arnold*, 2020 WL 136851, at *3. Here, the University of Kansas Police Department is not a separate juridical entity. A university police department is treated as a subordinate agency of the university, similar to how city police departments are subordinate agencies of their respective cities. *See Birch v. Atchison Police Dep't*, No. 19-2144-JAR-JPO, 2019 WL 2005772, at *2-3 (D. Kan. May 7, 2019); *see also Doe v. Bonath*, 705 F. Supp. 3d 690, 704-05 (W.D. Tex. 2023) (holding university police department is not an entity capable of being sued). Because no statute authorizes suit against the police department as an independent entity, it must be dismissed. The Court therefore **recommends** that Plaintiff's claims against the University of Kansas Police Department be **dismissed** because it is not an entity that can be sued.

## IV.    Conclusion

For the reasons explained above, the Magistrate Judge **recommends** that the District Judge **dismiss** Plaintiff's claims because her complaint does not state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Further, Plaintiff alleges claims that do not provide a

private cause of action and alleges claims against an entity that is not capable of being sued.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's amended complaint (Doc. 13) be **DISMISSED** for failure to state a claim on which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated February 25, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge