**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KAREN OVERSTREET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 25-2735-KHV** |
| | ) | |
| **THE UNIVERSITY OF KANSAS** | ) | |
| **HOSPITAL AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On December 10, 2025, plaintiff filed suit against the University of Kansas Hospital Authority, individuals on its medical and security staff, the University of Kansas Police Department and others. Plaintiff asserts that defendants violated her rights under the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., the Rehabilitation Act, 29 U.S.C. § 701, et seq. and the Emergency Medical Treatment And Active Labor Act, 42 U.S.C. § 1395dd; violated and conspired to violate her rights under 42 U.S.C. § 1983; and falsified medical records in violation of federal and state law. On February 26, 2026, Magistrate Judge Brooks G. Severson granted plaintiff's motion to proceed without prepayment of fees, denied her request for counsel and recommended that the Court dismiss plaintiff's Amended Complaint (Doc. #13) filed February 18, 2026. See Memorandum & Order Granting Motion To Proceed Without Prepayment Of Fees And Denying Request For Counsel (Doc. #17); Report And Recommendation For Dismissal Of Complaint (Doc. #18).

This matter is before the Court on plaintiff's Response To Report And Recommendation For Dismissal Of Complaint And Request To Appeal Denial Of Counsel (Doc. #21) filed March 13, 2026, which the Court construes as an objection under Rule 72, Fed. R. Civ. P. For

reasons stated below, the Court adopts Judge Severson's <u>Report And Recommendation</u> (Doc. #18) in part but grants plaintiff leave to amend her complaint and overrules plaintiff's objection to Judge Severson's order which denied plaintiff's request for counsel.

<u>**Analysis**</u>

The Court affords a pro se plaintiff some leniency and liberally construes her filings. <u>See</u> <u>James v. Wadas</u>, 724 F.3d 1312, 1315 (10th Cir. 2013). Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants. <u>See</u> <u>Garrett v. Selby Connor Maddux &</u> <u>Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005).

**I.     Recommendation To Dismiss Complaint**

Judge Severson recommended dismissal of plaintiff's complaint because it (1) did not satisfy the pleading standard of Rule 8, Fed. R. Civ. P., (2) improperly included claims under criminal statutes and (3) named the University of Kansas Police Department, which lacks capacity to be sued. Plaintiff objects to Judge Severson's recommendation.

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the Court reviews de novo those portions of the report and recommendation to which a party objects. <u>See</u> Fed. R. Civ. P. 72(b)(3). The Court may accept, reject or modify, in whole or in part, the magistrate judge recommendations or findings. <u>See</u> <u>id.</u>

For substantially the reasons stated in Judge Severson's <u>Report And Recommendation</u> (Doc. #18), the Court adopts her recommendation to dismiss plaintiff's claims which rely on enforcement of criminal statutes (Count VI) and all claims against the University of Kansas Police Department. The Court therefore dismisses Count VI against all defendants and all claims against the University of Kansas Police Department.

-2-

As to plaintiff's remaining claims, the Court agrees with Judge Severson that plaintiff's amended complaint does not comply with Rule 8. Plaintiff's amended complaint improperly refers to defendants collectively without distinguishing which specific entity or individual took certain actions. Absent such specificity, plaintiff has not adequately pled a "short and plain statement of the claim" against each defendant. Fed. R. Civ. P. 8(a)(2). In plaintiff's objection to the report and recommendation, she has identified specific actions of individual defendants. Based on this information, plaintiff might be able to cure the deficiencies in the amended complaint set forth in Judge Severson's report and recommendation. See Report And Recommendation (Doc. #18) at 6–8. The Court therefore rejects Judge Severson's recommendation to dismiss plaintiff's claims in Counts I through V, VII and VIII. On or before May 29, 2026, plaintiff may file an amended complaint which complies with Rule 8 and specifically states actionable claims against each defendant.

## II.     Appointment Of Counsel

In determining whether to appoint counsel, courts consider several factors including (1) the merit of the litigant's claims; (2) the nature and complexity of the factual and legal issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) whether the litigant can afford counsel and whether the party has made a diligent effort to retain an attorney. See Hill v. SmithLine Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). Applying these factors, Judge Severson denied plaintiff's request for counsel. Judge Severson found that the second and fourth factors were neutral, but that the first and third factors weighed in favor of denial of counsel. See Memorandum & Order (Doc. #17) at 3–4. Plaintiff objects.

When reviewing a magistrate judge's order on a non-dispositive matter, the Court must consider timely objections and modify or set aside any part of the magistrate judge's order that is

clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).  A litigant does not have a constitutional right to appointed counsel in a civil case.  Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).  Even so, under 28 U.S.C. § 1915(e)(1), the Court has discretion to ask an attorney to represent a litigant who is proceeding in forma pauperis.  See Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006).  The applicant bears the burden of convincing the Court that her claims have sufficient merit to warrant appointment of counsel.  McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).  Only when lack of counsel results in "fundamental unfairness" to the applicant will the decision denying appointment of counsel be overturned.  Id. at 839.

Here, plaintiff has demonstrated no fundamental unfairness requiring the appointment of counsel.  As Judge Severson noted, plaintiff is articulate and able to express the basis of her claims.  While plaintiff states that she partly relied on ChatGPT to write her brief, she has not identified a major physical or mental disability, and she has demonstrated the requisite knowledge to prosecute her claims.[1]  Judge Severson therefore did not abuse her discretion in denying plaintiff's request for counsel.  Accordingly, the Court overrules plaintiff's objection.

**IT IS THEREFORE ORDERED** that plaintiff's Response To Report And

---

[1]      Plaintiff argues that the magistrate judge's list of deficiencies in the amended complaint suggests that she needs counsel.  While counsel might help correct these deficiencies, plaintiff has not shown that she is unable to do so on her own.  Indeed, in plaintiff's objection, she has identified specific actions by individual defendants, which suggests that she has the ability to amend her complaint to comply with Rule 8.  In any event, the fact that counsel would be helpful does not by itself warrant appointment of counsel.  See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (while appointed counsel would have assisted plaintiff in presenting strongest possible case, same could be said in any case).  The Court also recognizes that thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992).

Recommendation For Dismissal Of Complaint And Request To Appeal Denial Of Counsel (Doc. #21) filed March 13, 2026 is **SUSTAINED in part and OVERRULED in part as to plaintiff's objection to Judge Severson's recommendation of dismissal of all claims and OVERRULED as to Judge Severson's denial of plaintiff's request for counsel.**

**IT IS FURTHER ORDERED** that Magistrate Judge Brooks G. Severson's  Report And Recommendation For Dismissal Of Complaint (Doc. #18) filed February 26, 2026 is **ADOPTED in part and REJECTED in part**.  **The Court adopts Judge Severson's recommendation to dismiss plaintiff's claims which rely on enforcement of criminal statutes (Count VI) and all claims against the University of Kansas Police Department.  The Court therefore dismisses Count VI of plaintiff's Amended Complaint (Doc. #13) filed February 18, 2026 and all claims against the University of Kansas Police Department.  The Court rejects Judge Severson's recommendation to dismiss plaintiff's remaining claims.   On or before May 29, 2026, plaintiff may file an amended complaint which complies with Rule 8, Fed. R. Civ. P.**

Dated this 11th day of May, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge